UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN ADMIRALTY

IN THE MATTER OF:

THE COMPLAINT OF ADAM J. PETNUCH AND REEL DREAMS FISHING CHARTERS, AS OWNER AND OWNER *PRO HAC VICE* OF A 1995 30' GRADY WHITE (HIN: NTLEA103F495), ITS ENGINES, TACKLE, APPURTENANCES, EQUIPMENT, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,

CASE NO.:

    Petitioners.
_____/

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioners, ADAM J. PETNUCH, as owner, and REEL DREAMS FISHING CHARTERS LLC, as owner *pro hac vice* of a 30-foot Grady White (HIN # NTLEA103F495) (the "Vessel"), pursuant to Supplemental Rule F of the Federal Rules of Civil Procedure and Local Admiralty Rule 7.06, for their Complaint for Exoneration From or Limitation of Liability, allege as follows:

**JURISDICTION, PARTIES AND VENUE**

1. This Complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h), Federal Rules of Civil Procedure, the Supplemental Rules for Admiralty or Maritime Claims, and the Local Admiralty Rules of the United States District Court for the Middle District of Florida.

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 30501 *et seq*.

3. The Vessel is a motor vessel with two outboard engines owned by the Petitioner, ADAM PETNUCH, a Florida resident. The Vessel was built in 1995, and was and remains registered in the State of Florida, stored at all material times in St. Augustine, Florida.

4. The events described herein took place on the offshore navigable waters off the coast of Florida, while on a fishing trip that departed from St. Augustine, St. Johns County, Florida, which is within the Middle District of Florida.

5. At all material times, Petitioner, REEL DREAMS FISHING CHARTERS LLC, was a Florida Limited Liability Company operating its business at 1229 Hernandez Blvd, St. Augustine, Florida, 32080.

6. At all material times, Petitioner, ADAM J. PETNUCH, a Florida resident residing in or near St. Johns County, Florida, was the registered owner of the Vessel.

7. At all material times during the fishing trip, REEL DREAMS FISHING CHARTER LLC was in exclusive possession and control of the Vessel. Therefore, REEL DREAMS FISHING CHARTERS LLC is owner *pro hac vice* of the Vessel.

8. This Complaint is filed within six (6) months of Petitioners first receiving written notice of possible claim(s) against them exceeding the value of the Vessel, arising out of the subject incident and subject to exoneration from or limitation of liability.

9. Venue is proper pursuant to Supplemental Rule F(9) because the Vessel is located within this Court's jurisdiction.

**OPERATIVE FACTS**

10. At all material times, the Vessel was seaworthy, properly and efficiently manned, supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable

machinery, tackle, apparel and appliances, all in good order and condition and suitable for the recreational use for which it was engaged.

11. On the morning of April 3, 2017, Debra and Joseph DeMaria, along with their young son, departed the Conch House Marina in St. Augustine, Florida to embark on a 4-hour fishing charter aboard the Vessel, operated by Reel Dreams Fishing Charters LLC at the time of the incident.

12. Weather forecasts on the day of the incident predicted 2-3' seas and winds at 9-10 knots. The seas and weather were checked and deemed safe by Petnuch prior to the voyage.

13. At some point during the fishing trip, Debra DeMaria claims she sustained numerous injuries after she fell onto the deck of the Vessel. She alleges her fall was caused by Petnuch's operation of the Vessel, and has asserted negligence claims against Petnuch and Reel Dreams in connection with the Incident.

14. The Incident and any ensuing property loss, damages and/or personal injury were not caused by the fault of the Vessel, Petitioners, or any person for whose actions Petitioners are responsible. Neither Petitioners nor the Vessel are liable to any extent, and Petitioners are entitled to exoneration from liability from all losses, damages, and injury, occasioned and incurred by or as a result of the Incident.

15. Alternatively, and without admitting liability, Petitioners allege that in the event they or the Vessel should be held responsible to any parties by reason of the matters set forth above, Petitioners claim the benefit of the limitation of liability provided in 46 U.S.C. § 30501, *et seq.* (the "Act").

16. For the purposes of the Act, at the termination of the voyage, the value of the Vessel, which was and is the value of Petitioners' interest in the Vessel, is $35,495.00. *See*

**Exhibit "A,"** Declaration of Value. The value of the Vessel was $35,000.00 at the termination of the voyage, along with $495.00 in pending freight, representing the amount paid for the trip.

17. On April 2, 2020, Petitioners have received notice of three (3) potential claims filed by Debra and Joseph DeMaria, which they expect will exceed the amount of Petitioners' interest in the Vessel.

18. Petitioners file contemporaneously herewith an *Ad Interim* Stipulation for Costs and Value in the appropriate form. As the amount of Petitioners' interest in the Vessel is $35,495.00. Petitioners are prepared to deposit $35,495.00 in the form of a surety bond with the Court's registry with interest at the rate of 6% per annum from the date hereof and costs if so ordered by the Court. Petitioners are prepared to give additional bond or stipulation for any amount as may be ascertained and determined to be necessary under orders of this Court, and as provided by the laws of the United States and the Federal Rules of Civil Procedure.

WHEREFORE, Petitioners respectfully request:

A. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which Petitioners seek exoneration from or limitation of liability admonishing them to file their claims with the Clerk of this Court and to serve on Petitioners' attorneys a copy thereof on or before the date specified in the notice;

B. Upon filing the *Ad Interim* Stipulation for Costs and Value herein described, this Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against Petitioners, their underwriters, or any of their property with respect to any claim for which Petitioners seek limitation, including any claim arising out of or

connected with any loss, damage, injuries or destruction resulting from the Incident described in this Complaint;

C.   If any claimant who shall have filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, if any, as alleged herein and the amount of the *Ad Interim* Stipulation for Costs and Value as aforesaid, this Court shall cause due appraisement to be had of the value of the Vessel following the casualty and of the value of Petitioners' interests therein and pending freight, if any, and in which event this Court shall enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, of Petitioners' interests in the Vessel and its pending freight, if any;

D.   This Court adjudge Petitioners and the Vessel are not liable to any extent whatsoever for any losses, damages, injuries or destruction or for any claim whatsoever done, occasioned, or incurred as the result of the matters and happenings referred to in this Complaint; or, in the alternative, if the Court should adjudge that Petitioners are liable in any amount whatsoever, that said liability may be limited to the value of Petitioners' interests in the Vessel, and may be derived pro rata among such claimants; and that a judgment be entered discharging Petitioners and the Vessel of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioners or their property in consequence of or connected with the matters and happenings referred to in this Complaint; and

E.   This Court grant Petitioners such other and further relief that justice may require.

**[SIGNATURE BLOCK IS ON THE FOLLOWING PAGE]**

Dated: May 15, 2020

                                          Respectfully submitted,

                                          */s/ Brandon P. Volk*
                                          **JULES V. MASSEE**, FBN: 41554
                                          jmassee@hamiltonmillerlaw.com
                                          **BRANDON P. VOLK**, FBN: 1019012
                                          bvolk@hamiltonmillerlaw.com
                                          Hamilton, Miller & Birthisel, LLP
                                          100 S. Ashley Drive, Suite 1210
                                          Tampa, Florida 33602
                                          **E-SERVICE**: JVMserve@hamiltonmillerlaw.com
                                          Tel: 813-223-1900 / Fax: 813-223-1933
                                          *Counsel for Petitioners*