United States District Court
Middle District of Florida
Jacksonville Division

**In Admiralty**

In re: Adam J. Petnuch and
Reel Dreams Fishing Charter,                    No. 3:20-cv-497-J-32PDB

      *Plaintiffs.*

---

### Order

This admiralty case arises from an April 3, 2017, incident in offshore navigable waters involving a rented fishing-charter boat (a 30-foot Grady White with hull identification number NTLEA103F495) from St. Augustine, St. Johns County, Florida. Doc. 1 at 1 and ¶¶ 4, 13. The plaintiffs—the asserted boat owners—seek exoneration from or limitation of liability under the Limitation of Liability Act, 46 U.S.C. §§ 30501–12, Supplemental Rule F, and Local Admiralty Rule 7.06. Doc. 1.

Before the Court is the plaintiffs' (1) motion to approve an ad interim stipulation, enter a notice to potential claimants, and enjoin further prosecution of any other claim against the plaintiffs, Doc. 2; (2) supplement explaining the value of the vessel is $35,000 with $495 in pending freight, Doc. 7 at 2; (3) letter of undertaking by XL Specialty Insurance Company for the value of the vessel, the value of the pending freight, and costs, with interest at six percent a year, Doc. 7-1; (4) amended ad interim stipulation for $35,495 and costs, with interest at six percent a year, Doc. 7-2; and (5) notice to claimants for publication, Doc. 7-3.

The Limitation of Liability Act gives a vessel owner the right to limit liability for claims of damage or injury from a maritime accident occasioned without the owner's knowledge or privity. 46 U.S.C. § 30505(a), (b). The limit is the value of the vessel and pending freight. 46 U.S.C. § 30505(a).

46 U.S.C. § 30511, Supplemental Rule F, and Local Admiralty Rule 7.06 govern the procedure for actions under the Act. Within six months of receipt of a written claim, a vessel owner may file a complaint for limitation of liability and exoneration in any district in which the vessel has been attached or arrested or, if not attached or arrested, in any district in which the owner has been sued regarding the claim or, if no suit has been commenced, in the district where the vessel is located. 46 U.S.C. § 30511(a); Supplemental Rule F(1), (2), (9).

The complaint must state: (1) "the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited"; (2) "the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination"; (3) "the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on that voyage, so far as known to the plaintiff"; (4) "what actions and proceedings, if any, are pending thereon"; (5) "whether the vessel was damaged, lost, or abandoned, and, if so, when and where"; (6) "the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are"; and (7) "the amount of any pending freight recovered or recoverable." Supplemental Rule F(2).

The owner must deposit with the court, "for the benefit of the claimants, an amount equal to the value of the owner's interest in the vessel and pending freight, or approved security." 46 U.S.C. § 30511(b); *see also* Supplemental Rule F(1). The owner must also "give security for costs and, if [the owner] elects to give security, for interest at the rate of 6 percent per annum from the date of the security." Supplemental Rule F(1). Under Local Admiralty Rule 7.05(e)(3), the amount of security for costs is $250, "and it may be combined with the security for value and interest, unless otherwise ordered." An ad interim stipulation is deemed a substitute for the vessel and may stand as security for a claim up to the stipulated amount.

*Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 218–19 (1927) (involving an ad interim stipulation executed by the boat owner and a surety).

Once the owner has satisfied the security requirement, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease." Supplemental Rule F(3). "On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action" and "issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice," but not less than 30 days after issuing the notice. Supplemental Rule F(3), (4).

The notice must be published "in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims." Supplemental Rule F(4). By the date of the second publication, the plaintiff must also "mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." Supplemental Rule F(4). "[A]n approved newspaper shall be a newspaper of general circulation. The newspaper of largest circulation in a county in the Middle District is rebuttably presumed to be a newspaper of general circulation in that same county. For cause shown by a party or on its own motion, the court may require publication in one or more additional publications if necessary to provide notice reasonably calculated to inform interested parties." Local Admiralty Rule 7.01(g). "Immediately upon commencement of an action to limit liability …, plaintiff shall, without further order of the Court, effect publication." Local Admiralty Rule 7.06(a).

Here, the complaint includes the required allegations, and the plaintiffs have satisfied the security requirements. The Court **grants** the motion, Doc. 2, as

supplemented, Doc. 7, and will separately enter the notice, Doc. 7-3, and the order, Doc. 7-4, the plaintiffs provided.

**Ordered** in Jacksonville, Florida, on July 22, 2020.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:      Counsel of record